IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAMELA MANN                                                                    PLAINTIFF

vs.                                      Civil No. 4:19-cv-04091

COMMISSIONER, SOCIAL                                              DEFENDANT
SECURITY ADMINISTRATION

## <u>MEMORANDUM OPINION</u>

Pamela Mann ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision

of the Commissioner of the Social Security Administration ("SSA") denying her application for a

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 10.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **<u>Background:</u>**

Plaintiff protectively filed her disability applications on August 11, 2016.  (Tr. 48).  In

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 8.   These
references are to the page number of the transcript itself not the ECF page number.

these applications, Plaintiff alleges being disabled due to high blood pressure, hepatonegaly liver disease (cirrhosis), high cholesterol, diabetes, depression, anxiety, headaches, migraines, back pain, and acid reflux disease. (Tr. 299). Plaintiff alleges an onset date of October 4, 2013. (Tr. 300). These applications were denied initially and again upon reconsideration. (Tr. 48). Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 201-205).

On August 21, 2018, the ALJ held an administrative hearing. (Tr. 74-108). At this hearing, Plaintiff was present and was represented by Stanley Brummal. *Id.* Plaintiff and Vocational Expert ("VE") Charles Poor testified at this administrative hearing. *Id.* During this hearing, Plaintiff testified she was fifty-seven (57) years old and had a high school education. (Tr. 80-81).

On October 22, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 48-60). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2019. (Tr. 50, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2016. (Tr. 50, Finding 2).

The ALJ then determined Plaintiff had the following severe impairments: restless leg syndrome, obesity, depression, and anxiety. (Tr. 50, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 52, Finding 4).

2

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 54-58, Finding 5).  The ALJ found Plaintiff retained the RFC to perform medium work.  *Id.*  Specifically, the ALJ found Plaintiff was able to lift and carry, push and pull, up to 50 pounds occasionally and 25 pounds frequently and stand, walk, and sit 6 hours each in an 8-hour day; cannot climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, kneel, and crawl; has the ability to understand, remember, and carry out two to three step tasks, can make routine work related decisions or judgment; can tolerate routine workplace changes; can sustain attention for up to two hour blocks of time; may be off task up to ten percent but the time off task can be accommodated by normal breaks and lunch; and can frequently interact with co-workers, supervisors, and the public.  *Id.*

The ALJ found Plaintiff was not capable of performing her Past Relevant Work ("PRW") as a home attendant and office manager.  (Tr. 58, Finding 6).  However, the ALJ also found Plaintiff had the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 58, Finding 10).  The VE testified at the administrative hearing regarding her ability to perform other occupations.  *Id.*  Specifically, the VE testified Plaintiff retained the capacity to perform work at the following occupations: (1) tray worker (medium, unskilled) with approximately 250,000 such jobs nationally; (2) industrial cleaner (medium, unskilled) with approximately 2,100,000 such jobs nationally; and (3) kitchen helper (medium, unskilled) with approximately 502,000 such jobs nationally.  *Id.*  Based on this, the ALJ determined Plaintiff was not disabled from October 4, 2013 through the date of the decision.  (Tr. 59, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-7).
The Appeals Council denied this request on June 19, 2019.  *Id.*  Thereafter, on August 16, 2019,
Plaintiff appealed her administrative case to this Court.  ECF No. 1.  The Parties consented to the
jurisdiction of this Court on January 16, 2020.  ECF No. 10.  Both Parties have filed their appeal
briefs, and this matter is now ripe for consideration.  ECF Nos. 18, 19.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's
findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)
(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than
a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to
support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).
As long as there is substantial evidence in the record that supports the Commissioner's decision,
the Court may not reverse it simply because substantial evidence exists in the record that would
have supported a contrary outcome or because the Court would have decided the case differently.
*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is
possible to draw two inconsistent positions from the evidence and one of those positions represents
the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d
1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden
of proving his or her disability by establishing a physical or mental disability that lasted at least
one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox*

4

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred in (1) failing to properly evaluate severe impairments, (2) failing to properly evaluate the opinions of a treating physician, (3) failing to

fully and fairly develop the record, and (4) in failing to perform a proper *Polaski* analysis.  ECF No. 18.  In response, the Defendant argues the ALJ did not err in any of her findings.  ECF No. 19.  Upon review, the Court finds Plaintiff's second argument is merited, and the ALJ has not properly evaluated the opinions of Plaintiff's treating physician.  Thus, the Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider " 'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.' " *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

6

In this matter, the ALJ determined Plaintiff had the RFC to perform medium work with limitations.  (Tr. 54, Finding 5).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in her treatment of the opinions of her treating physician.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." See SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation.  *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. Id. at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ failed to properly consider and ignored the opinions of Dr. Shawn Stussy.  Plaintiff was seen by Dr. Stussy on several occasions since December 2015.  (Tr. 426-477, 489-492, 501-555).  The ALJ failed to provide the analysis as provided for by 20 C.F.R. § 404.1527.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.  *See Brown v. Astrue*, 611 F.3d 941, 951-52.  However, when an ALJ determines that a treating physician's opinion should be

7

discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted).  In this matter, the ALJ's lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Stussys' findings.  *See Brown*, 611 F.3d at 951-52.  At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Dr. Stussy. 20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Stussy. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Stussy. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(c)(2) must be performed.

## 4.      Conclusion:

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record.  As such, this case is reversed and remanded for further findings consistent with this opinion.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE